UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STANLEY, | No. 2:17-cv-01486 CKD P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SUZANNE M. PEERY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition based on the failure to exhaust state court remedies. ECF No. 7. For the reasons discussed below, the undersigned recommends dismissing the habeas corpus petition based on lack of jurisdiction and denying the motion to dismiss as moot.

**I.    Factual and Procedural Background**

Petitioner was convicted in the Butte County Superior Court in 2013 of False Pretenses and Contracting without a License. He was sentenced to 11 years in prison. His conviction was affirmed on direct appeal by the California Court of Appeal.

On July 18, 2017, petitioner filed a federal habeas corpus application challenging the restitution order entered by the trial court on various constitutional grounds. ECF No. 1. In his application for habeas relief, petitioner states that he "is presently in the process of exhausting

1

each of the claims in the petition before the state courts. Earlier exhaustion was prevented by multiple circumstances." ECF No. 1 at 5.

Respondent filed a motion to dismiss the federal habeas petition on the ground that petitioner failed to exhaust state court remedies prior to filing. ECF No. 7. On November 30, 2017, this court granted petitioner the opportunity to file a request for a stay and abeyance or to file a notice of exhaustion if his state court remedies had been exhausted subsequent to the date of filing. ECF No. 10. Petitioner failed to respond to the motion to dismiss or this court's November order.

**II.     Analysis**

The federal habeas corpus statute allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In analyzing this custody requirement, the Ninth Circuit Court of Appeal has emphasized that it has two distinct components. See Bailey v. Hill, 599 F.3d 976, 982 (9th Cir. 2010). First, a petitioner must be physically confined or have his or her liberty restrained at the time of filing the federal habeas application. Id. at 979 (emphasizing that collateral consequences to a conviction are not sufficient restraints on liberty to meet the "in custody" requirement). Secondly, and most relevant here, is that there must be a nexus between the claim for relief and petitioner's actual confinement. Id. In this case, the only portion of the state court judgment that petitioner is challenging is the restitution order. If this court were to grant him relief, it would not result in his release from custody even one day sooner. The fact or duration of petitioner's custody is therefore not even at issue in the present proceedings. For this reason, and based on the substantial precedent establishing a lack of jurisdiction over restitution orders, the undersigned recommends dismissing petitioner's application for federal habeas corpus relief. See Bailey v. Hill, 599 F.3d at 982 (finding that "§ 2254(a) does not confer jurisdiction over a state prisoners in-custody challenge to a restitution order imposed as part of a criminal sentence"); see also Mulgrew v. McDonald, 474 Fed. Appx. 650 (9th Cir. 2012) (unpub.) (affirming the district court's dismissal of a § 2254 petition based on lack of jurisdiction even

though the district court had denied it as untimely); see accord Washington v. Smith, 564 F.3d 1350 (7th Cir. 2009) (holding that a restitution challenge is not a cognizable claim for relief under § 2254(a)); Virsnieks v. Smith, 521 F.3d 707 (7th Cir. 2008) (reviewing language of § 2254(a) and concluding that it does not permit challenges to the non-custodial portion of a state criminal sentence).

Accordingly, IT IS HEREBY ORDERED that this case be randomly assigned to a District Court Judge.

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed with prejudice based on lack of jurisdiction.

IT IS FURTHER RECOMMENDED that respondent's motion to dismiss be denied as moot in light of this court's lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The parties are advised that failure to file objections
////
////
////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

stan1486.dismiss.docx